[Southern Bell Telephone & Telegraph Co. v. Mayo.]

# Southern Bell Telephone & Telegraph Co. *v.* Mayo.

*Action against Telegraph Company to recover Damages for Personal Injuries.*

1. *Evidence; not permissible for party to impeach his own witness by the testimony of another witness.*—Where one of the parties to a suit introduces a witness, it is not competent for him, in the subsequent examination of another witness to show that the first witness, on account of his mental infirmity did not know what he was swearing to; the effect of such testimony being to impeach the testimony of the party's own witness.

2. *Charges to the jury; properly refused when giving undue emphasis to one phase of the evidence.*—Charges of a court to the jury requested by one of the parties to a suit, which call special attention to and gave undue emphasis to a particular phase of the evidence are properly refused.

3. *Same; contributory negligence.*—In an action to recover damages for personal injuries, where the defendant pleads contributory negligence, but there is an entire absence of evidence to show that the plaintiff was guilty of any negligence charges requested by the plaintiff, which instruct the jury that they can not find for the defendant under its plea of contributory negligence, are properly given.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WILLIAM W. WILKERSON.

This action was brought by the appellee, Mrs. Alice D. Mayo, against the appellant, the Southern Bell Telephone & Telegraph Company, to recover ten thousand dollars damages for personal injuries received by the plaintiff while she was on a public highway in Pratt City, caused by the falling of a cable of the defendant's company, which it is alleged in the complaint fell by reason of the negligence of the defendant. The facts of

41c

[Southern Bell Telephone & Telegraph Co. v. Mayo.]

the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the introduction of the evidence the court, at the request of the plaintiff, gave to the jury the following written charges: (1.) "The jury cannot find a verdict for the defendant under its plea of contributory negligence." (2.) "There is no evidence in this case that plaintiff, Mrs. Mayo, was herself guilty of any negligence." (3.) "The public had a right to use the public streets of Pratt City in the exercise of due care, and if defendant undertook to handle or work with a cable above the public street, it was the duty of the defendant to use care to prevent the cable from falling on any person who may have been on such street."

The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by it: (1.) "I charge you that you have a right to look to the size and shape of the evidence of injury on the plaintiff's shoulder, if you believe there was such evidence of injury to her shoulder, in determining whether she was struck by the cable or guy wire." (2.) "If you believe the evidence, you must render your verdict in favor of the defendant."

There were verdict and judgment for the plaintiff, assessing her damages at $1,000. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & WALKER, for appellant.—The testimony offered by the plaintiff to show that Dr. Trainor, her witness, was mentally infirm and did not know about what he was testifying, should not have been introduced. It is a well established principle of law that the party cannot impeach or discredit his own witness.—*Dundas v. City of Lansing,* 42 N. W. Rep. 1011; *Lodge v. State,* 82 Am. St. Rep. 23; *Ford v. State,* 71 Ala. 397.

The first and second charges given at the request of

the plaintiff were erroneous and should have been re-
fused.—*Dundas v. City of Lansing*, 42 N. W. Rep. 1011.

BOWMAN, HARSH & BEDDOW, *contra.*—Testimony of-
fered by the plaintiff to show that Dr. Trainor was in-
competent as a witness at the time he testified, by reason
of mental infirmity, was properly admitted.

It appears from plaintiff's testimony that she was very
much astonished; in fact she said so in terms,
and she also says that she did not know all these facts.
It does seem not only just to plaintiff that she should
be allowed to explain, but after she put a witness like
her father appeared on the stand, it would have been
positively insulting to the court and jury not to have
explained. What she said on the subject would be al-
lowed as a question of personal privilege in any deliber-
ative body. It is also plainly allowable on the familiar
principle that where a party has been suprised by the tes-
timony of a witness he may show to the jury such sur-
prise, though in doing so the evidence has a tendency
to impeach his own witness.—*Thomas v. State*, 117 Ala.
178; *White v. State*, 87 Ala. 24; *Fiebleman v. Manches-
ter Fire Ins. Co.*, 108 Ala. 198; *Southern R. Co. v. Crow-
der*, 130 Ala. 256.

HARALSON, J.—We consider only the assignments
of error insisted on.

The complainant set up that plaintiff was injured on
a public street of Pratt City, and that while she was
walking on said street, the defendant company, in and
about the discharge of its business, was in charge or con-
trol of a large cable (in use for electric purposes),
stretched over or upon said street, and so negligently
conducted itself in and about securing said cable or
preventing it from falling, the same fell upon the plain-
tiff and injured her.

The pleas were the general issue and contributory
negligence of the plaintiff.

The evidence for the plaintiff tended to show that she
was injured by the falling of a cable wire containing

small wires, which cable was about one and a half inches in diameter; and that for the defendant tended to show that she was not thus injured, but, if injured at all, it was in consequence of the falling of a small guy wire, about three-eighths of an inch in diameter, or the size of a lead pencil, which wire broke in the center and a part of it fell on plaintiff. The court charged the jury that "If you believe from the evidence that it was the guy wire which struck or fell on plaintiff, you must find your verdict for the defendant."

The plaintiff examined Dr. Trainor, her father, as a witness, who testified that he attended her for the injury she received, for a greater part of the time. He also testified that "When I examined the plaintiff I found there was a little bruise on the back of the left shoulder. That was all that was visible in the nature of a wound about the plaintiff's body. * * * This bruise which I speak of was smaller than my little finger, near the size of my little finger, and a little larger than a lead pencil." This evidence had some tendency to support the theory of the defendant, proper for the consideration and determination of the jury, that the plaintiff was injured by the guy wire and not by the cable, as alleged in the complaint. It was open to the jury to infer that if the plaintiff had been injured by the cable, it would have made a larger bruise than the one the witness testified he found. To that extent the evidence was in the interest of the defendant. This witness was incoherent in some of his statements, evidencing as plaintiff supposed, a lack of balance of mind at the time, and at which she appeared disappointed and surprised. After the conclusion of the evidence on the part of the defendant, the plaintiff was recalled in rebuttal in her own behalf, and counsel asked her: "Mrs. Mayo, in what condition does your father's mind seem to be today, as to what it has been in the past?" The defendant objected to the question, for "that it called for incompetent and immaterial testimony, and upon the further ground that it called for a conclusion of a witness, and was an effort on the part of the plaintiff to impugn the

credibility of her own witness," which objection was overruled. The witness answered: "My father is usually and up to the attack of this last sickness, two weeks ago, a very rational man, but since we notice that his mind is wandering and he is not himself at all." The defendant moved to exclude the answer, which motion was overruled and the defendant excepted. The witness further testified that her father was usually rational, but since his sickness he was not himself at all; that she did not know the condition of her father, this morning; that one hour he will seem to be perfectly rational, and the next he will hardly know what he is talking about; that she had not seen him [recently] until they met in court yesterday; that she knew his condition yesterday, and did not have him summoned, but gave the lawyers his name as one of the doctors who attended her, and she did not think he was in good condition mentally.

It is well settled in this court that when one introduces a witness, he will not be permitted to impeach him; but that when put to disadvantage by unexpected answers, for the purpose of refreshing the memory of the witness and of showing surprise, and to relieve himself from the disadvantage at which he had been put by such evidence, it is competent for him to ask the witness if he had made statements contrary to what he had just testified; and such evidence is competent, although its incidental effect may be the impeachment of the evidence of the witness.—*Schieffelin v. Schieffelin,* 127 Ala. 14; *Thomas v. State,* 117 Ala. 178; *White v. State,* 87 Ala. 24. This character of evidence is allowed, only on the examination of the witness himself, and we are not aware that it has ever been carried so far as to allow the party introducing the witness to bring other witnesses to impeach him. Here the direct effect of the evidence introduced was to impeach the evidence of the physician, by showing that he did not know what he was swearing to, and, on account of his mental infirmity, the plaintiff ought not to be held bound by what he had testified. It may be, the plaintiff's evidence on this point

was subject to the other objections raised to it, but, as to this, we need not decide, since the evidence was improper on the ground stated.—*Ragland v. State,* 125 Ala. 12; *L. & N. R. Co. v. Sandlin,* 125 Ala. 586; *Dominick v. Randolph,* 124 Ala. 557.

Charge No. 1 requested by defendant and refused was faulty in calling special attention to and unduly emphasizing one phase of the evidence; and in being confused, in that it instructed the jury they might "look to the size and shape of the evidence of injury on the plaintiff's shoulder." Evidence is to be measured by its weight, and not by its "size and shape."

There was no error in giving the charges 1 and 2 for plaintiff. These charges were justified on the ground that there was an absence of evidence tending to show that plaintiff was guilty of any negligence, whether contributory or otherwise.

For the error indicated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.