# Watts *v.* The State.

## *Manslaughter.*

(Decided June 27, 1913. 63 South. 15.)

1. *Witnesses; Examination; Scope.*—Where a witness for the state testified on cross-examination that defendant was considered a good citizen, but really not a good man at all, the answer was favorable to the state, and did not authorize the state on re-examination to ask such witness if he had ever heard defendant's character discussed, prior to the killing, and if he had not heard it stated that defendant had killed his second wife also.

2. *Same.*—Cross-examination presupposes the hostility of the witness or testimony contrary to the party who cross-examines, and does not arise from testimony favorable to the party cross-examining.

3. *Same; Re-Examination.*—If a witness for the state testifies on cross-examination unfavorable to the state, the state may re-examine him as to that testimony just as though it might have cross-examined a witness called by the defense, notwithstanding the right guaranteed by the Constituttion relates to opposing witnesses, if the matter brought out is new matter against the interest of the party, or in the nature of a surprise.

4. *Homicide; Evidence.*—Where defendant was on trial for the murder of his second wife, the causes leading up to the death of his first wife were immaterial and irrelevant.

5. *Same; Insanity.*—Where defendant had introduced proof in support of his plea of insanity, the court properly permitted the state to introduce evidence tending to show the sanity of defendant.

APPEAL from Colbert Circuit Court.

Heard before HON. C. P. ALMON.

Will Watts was convicted of murder and he appeals. Reversed and remanded.

KIRK, CARMICHAEL & RATHER, for appellant. The court was in error in admitting evidence of the physi-

cian that he had heard it stated that defendant had killed his first wife, and having admitted such statement, the court should have permitted defendant ro show the causes leading up to the death of his first wife. —*Longmore v. State,* 130 Ala. 66; *Mitchell v. State,* 114 Ala. 45; *Abel v. State,* 90 Ala. 631; *Cooley v. State,* in MSS. Counsel discuss other assignments of error relative to evidence, and in support thereof cite.—*Redd v. State,* 68 Ala. 492; *Watts v. State,* 59 South. 270. The testimony of the witnesses as to defendant's sanity was inadmissible because it showed no such knowledge as would authorize them to testify. Charge F should have been given.—*Morrell v. State,* 136 Ala. 44; *Words' Case,* 96 Ala. 100; *Perry's Case,* 87 Ala. 30; Sec. 7176, Code 1907. Charge K should have been given.—*Christian v. State,* 96 Ala. 89; *Lee v. State,* 92 Ala. 15; *Jones v. State,* 75 Ala. 8. Charge O should have been given on the same authorities.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. This case has been considered by the supreme court on a former appeal.—*Watts v. The State,* 59 South. Rep. 270. The evidence is practically the same as on the former appeal. The declarations of the defendant, while not attaining the dignity of confessions, were admissible to show his conduct and as indications of guilt.—*Johnson v. The State,* 17 Ala. 618, 625; *Levison v. The State,* 54 Ala. 520, 528; *McAdory v. The State,* 62 Ala. 154, 159; *Maxwell v. The State,* 129 Ala. 48, 54; *Meadows v. The State,* 136 Ala. 67, 73. Charge A is patently bad and is abstract. Charge D leaves out the word *evidence* after *satisfying.* Charge E was on the weight of the evidence and singled out a part thereof to give it undue prominence. Charge L is confusing, lacking several neces-

sary words. An impression of danger must be an honest one.—*Storey v. The State,* 71 Ala. 329, 337; *Williams v. The State,* 98 Ala. 1, 7; *McCain v. The State,* 160 Ala. 37, 40; *Williams v. The State,* 161 Ala. 52, 59; *Hosey v. The State,* 5 Ala. App. 110. Charge M assumed the defendant's testimony as true. It also ignored the question of freedom from fault. Charges N and O ignore the question of freedom from fault. Charge P is erroneous. The state need not furnish *all* the evidence tending to convict.—*Stallworth v. The State,* 155 Ala. 14; *Brooks v. The State,* Court of Appeals present term.

PELHAM, J.—This case has been before the Supreme Court on a former appeal.—*Watts v. State* (Sup.) 59 South. 270. Many of the questions presented in this transcript, going to the rulings of the trial court on the evidence, are the same, or involves the same matters, that were considered and disposed of on the former appeal, and will not be again discussed.

The state introduced as a witness on rebuttal Dr. C. W. Williams, who was asked about, and testified on his examination in chief only to, the sanity of the defendant at the time he killed his wife. On cross-examination by the defendant, this witness, in answer to a question as to whether the defendant possessed a good character, testified: "He is considered a good citizen, but not considered a real good man at all." The solicitor was thereupon, against the proper objection of defendant, permitted on re-examination to ask the following question of the witness: "I will ask you, Doctor, if prior to that time, the time he killed his wife, you had heard in the discussion of his character that he had killed his first wife." To this question the witness answered: "Yes, sir; I have heard a good deal said about

his having killed his first wife before he killed his second wife." In permitting this question by the solicitor against the seasonable objection of the defendant, and in refusing to exclude the answer of the witness, the court was in error. With the evident purpose of preventing as far as possible, by an instruction of the court, the prejudicial effect of the testimony of this witness as to the rumor he had heard, the defendant requested a charge in writing to the effect that the jury could not consider, in arriving at their verdict, whether or not the defendant killed his first wife. This charge was refused.

It is not to be questioned that, had the defendant brought out by this state's witness on cross-examination, as new matter about which he had not been examined on his direct examination, that the defendant possessed a good character, the state on re-examination could have cross-examined the witness with respect to this new matter, injurious to and in opposition to the state's contention, brought out by the defendant, as fully as if the witness had been introduced by the defendant in the first instance; for, although the right of cross-examination guaranteed by the Constitution relates to opposing witnesses (*Wray v. State,* 154 Ala. 36, 45 South. 697, 129 Am. St. Rep. 18, 16 Ann. Cas. 362), and the statutory right given "belongs to every party as to the witnesses called *against* him. [italics ours]" (Code, § 4017), yet when new matter is brought out on a cross-examination against the interest of the party calling the witness in the nature of a surprise, the party may on re-examination cross him as to it, even though the incidental effect may be the impeachment of the witness.—*Thomas v. State,* 117 Ala. 178, 23 South. 665.

However, cross-examination presupposes the hostility of the witness, or that the matter testified to upon

which he is crossed is opposed and contrary to the contention of the party conducting the cross-examination, and a favorable answer does not open the door to cross-examine on that matter to the party in whose favor the witness testifies.—See *Wadsworth v. Dunnam*, 117 Ala. 661, 23 South. 699; *White v. State*, 87 Ala. 24, 5 South. 829; *Griffith v. State*, 90 Ala. 583, 8 South. 812; *Warren v. Gabriel*, 51 Ala. 235; *So. Ry. Co. v. Hobbs*, 151 Ala. 335, 43 South. 844.

The reason for the rule, or rather the exception to the rule, which makes the class of questions under discussion on an issue of character admissible only on cross-examination, and renders the answers thereto competent evidence solely under this exception, is based on the right to test the credibility and soundness of the opinion of the witness, and elicit the data on which he testifies, when he has testified to the good character of a party *as opposed to the contention of the one who subjects the witness to this test by cross-examination.* The witness in this instance was not in any sense an opposing witness hostile to the state, nor did he, injuriously to the state's contention on this matter, depose to the good character of the defendant. The answer elicited was tantamount to saying, in effect, that while the defendant was considered a good citizen, he was not a man of good character. The statement was in no sense equivalent to saying that the defendant was a man of good character, and only in that event would the state have the right on re-examination to cross-examine its own witness with respect to particular rumors affecting the good character testified to, for the purpose, not of proving or disproving the defendant's good character as a matter of independent evidence, but only as affecting the bias of a hostile witness, or the extent of the information and credibility to be given to the testimony of

an opposing witness testifying to injurious matter. A cross-examination of this nature eliciting testimony of that class is not permissible under the circumstances shown here, when the answer of the witness was not adverse or injurious, but favorable to the state; for to permit this evidence by a witness testifying favorably to the party would be to allow proof to be made under the guise of a cross-examination, or mere rumors highly prejudicial to the defendant, as independent evidence that would only be permissible and competent purely for the purpose of affecting the credibility to be given the testimony of a witness testifying on the issue of character against the party cross-examining him.—See *Lowery v. State,* 98 Ala. 45, 13 South. 498; *Moulton v. State,* 88 Ala. 116, 6 South. 758, 6 L. R. A. 301.

It could not be doubted for a moment that, had the witness Williams testified in answer to the question put to him by defendant's counsel, on the issue of the defendant's character that it was not good, or bad, it would then be incompetent and improper to permit the state to cross-examine the witness for the purpose of supporting and lending color to his own testimony, by bringing out as independent evidence the rumors and reports concerning the conduct or particular acts he had heard as establishing the bad character of the defendant as deposed by him, and yet in effect there would be no substantial difference as a legal principle in declaring this to be the correct rule than holding that the state, under the conditions shown by this record, should be permitted to elicit from its own witness (Williams), as independent evidence, what he had heard affecting the defendant's character in support of and to lend color to his statement, favorable to the state's contention on this issue, that the defendant was "not considered a real good man at all."

[Watts v. The State.]

The defendant was on trial charged with the murder of his second wife, and whether or not he had killed his first wife was not a fact relevant to the issues before the court, and the rulings of the court refusing to permit the defendant to go into the question of the cause of death of the first wife were free from error. This was an inquiry involving a matter collateral to the crime for which the defendant was being tried, and entirely foreign to the issue.

The defendant had introduced proof in support of his plea of insanity, and the court committed no error in admitting the testimony of the various witnesses on rebuttal, who testified to the sanity of the defendant. —*Howard v. State,* 172 Ala. 402, 55 South. 255, 34 L. R. A. (N. S.) 990.

We find no reversible error in any of the other rulings of the court on the evidence.

The correct propositions of law contained in the refused charges (aside from the charge above referred to in this opinion) seem to be fully covered by the numerous given instructions requested by the defendant. These charges are all faulty, some of them patently bad, and as the case must be reversed for the errors pointed out, we do not deem it necessary or beneficial to discuss in detail charges that may have no connection with another trial.

Reversed and remanded.