(82 South. 652)

HOLYFIELD v. STATE.   (3 Div. 350.)

(Court of Appeals of Alabama.   June 13, 1919. On Rehearing, June 17, 1919.)

1. CRIMINAL LAW ⟨⟩363 — EVIDENCE — RES GESTÆ.

Words merely narrative of something past, as to the manner in which the speaker obtained possession of property, are not admissible as res gestæ.

2. CRIMINAL LAW ⟨⟩363 — EVIDENCE — RES GESTÆ.

Whether declarations are admissible as res gestæ depends on whether the circumstances are such that it may be affirmed as reasonably certain that the declarations were produced by, and were instinctive from, the occurrences to which they relate, rather than the retrospective narration of such occurrences.

3. CRIMINAL LAW ⟨⟩413(1) — EVIDENCE — SELF-SERVING DECLARATIONS.

The main fact in the indictment against defendant relating to the receiving of goods, knowing that they were stolen, and not having intent to restore them to the rightful owner, what was said by him several hours after such event, and after he had delivered the property to another, and after he had had time to contemplate the consequences of his act and to meditate on the probable outcome thereof, cannot be shown in his favor.

4. CRIMINAL LAW ⟨⟩741(1) — GENERAL AFFIRMATIVE CHARGE.

There being evidence warranting a conviction, defendant is properly refused the general affirmative charge.

On Rehearing.

5. CRIMINAL LAW ⟨⟩670 — SUSTAINING OBJECTIONS TO QUESTIONS SHOWING RELEVANCY OF ANSWERS SOUGHT.

Questions to witness as to what defendant, charged with receiving stolen property, said while still having the property in his possession, having called for testimony that may or may not have been relevant, the court cannot be put in error for sustaining state's objection thereof, in the absence of showing of relevancy of answers sought.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Charlie Holyfield, indicted under two counts, the first charging the receiving of stolen property, and the second charging grand larceny. was convicted of receiving stolen property, and appeals.   Affirmed.

The following are the charges refused to the defendant:

(10 and 11) General affirmative charge.

"(14) If you believe from the evidence that John Davis employed the defendant to haul the meat as public drayman for him, you must find the defendant not guilty."

"(19) If you believe from the evidence that the defendant reported to the police authorities the fact that he had received the meat as a public drayman for hire, and that he had received the possession of the same as such, and that he desired its assistance to locate the owner, then this is a circumstance tending to show that he did not know that the meat was stolen property at the time he received it."

Hill, Hill, Whiting, & Thomas, of Montgomery, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

SAMFORD, J.   It was disclosed by the evidence that the Central Market sent an order by its porter, one John Davis, to the slaughterhouse for four cattle and two calves; that when this order was presented it read 4½ cattle and 2 calves, and that Davis left the slaughterhouse with them.   When he got to a point where there was a dray stand on Monroe street, in the city of Montgomery, he delivered to the defendant, who was a drayman, the one-half cattle.   The defendant took it, and immediately drove to Dennis Vine's restaurant, a short distance away, and told Vine he had come to deliver it.   Vine refused to take it.   The defendant thereupon drove back to the dray stand, stood there awhile, and then drove out to a point on the Red Bridge Road, and delivered it to a market man by the name of Allen Hayes, the defendant and Allen Hayes both testifying that the defendant said at the time he brought the meat there "that the meat did not belong to him, and that when the fellow comes out here, if you want it, he might sell it to you."   Subsequently the police went out to Hayes' place, arrested him, and brought him and the meat to police headquarters.   It was also shown that from the time Davis left the slaughterhouse until the meat was delivered to Hayes on the Red Bridge Road, some miles away from the dray stand on Monroe street, the meat was followed by a boy from the slaughterhouse, and up to the point when the meat was left in the possession of Hayes every fact and circumstance offered to be proved by the defendant and relating to the transaction was admitted in evidence.   The defendant then offered to prove that some hours after the

meat had been delivered to him by Davis and he had hauled it, first to Vine's attempting to deliver it to him, and then to Hayes, to whom he did deliver it, he made certain statements to Mr. Knox and Mr. Paul Rapport, the latter being a member of the police department of the city of Montgomery, relative to how he acquired the meat, and seeking their advice as to what to do. The state objected to this testimony, and the court sustained the objection.

[1-3] There are numerous decisions in this state and other states to the effect that words merely narrative of something past, as to the manner in which the speaker obtained possession of property, are not admissible as res gestæ. Cooper v. State, 63 Ala. 80; 1 Brick. Dig. p. 843, § 554 et seq.

Whether declarations are admissible in evidence as res gestæ depends upon whether the circumstances are such that it may be affirmed as reasonably certain that the declarations were produced by, and were instinctive from, the occurrences to which they related rather than the retrospective narration of such occurrences. Nelson v. State, 130 Ala. 83, 30 South. 728. The main fact in the indictment against the defendant related to the receiving of the goods, knowing that they were stolen and not having the intent to restore them to the rightful owner. What was said by the defendant several hours after the happening of this event and after he had delivered the property to another, and after he had had time to contemplate the consequences of his act and to meditate upon the probable outcome of what he had done, cannot be shown; he cannot be permitted, by statements made, to make evidence for himself, and as was said by Manning, J., in the case of Cooper v. State, supra:

"If, by saying this at the time he said it, the defendant could discharge himself of the offense which other evidence tended to show he had before that time committed, a shrewd law-breaker could easily contrive to manufacture evidence to screen him from legal condemnation."

The court did not err in its various rulings on the evidence.

[4] The foregoing statement of facts is not intended to be an effort to state all of the evidence in the case. There was other and further testimony in the case entirely sufficient to warrant a verdict of guilt, and therefore charges 10, 11 and 14, requested by the defendant, were properly refused.

In line with the foregoing opinion, it follows that charge 19, as requested by the defendant was properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

[5] The questions propounded to the witnesses Thorne and Oliver by the defendant's counsel as to what the defendant said at the dray stand while the defendant still had the stolen meat in his possession called for testimony that may or may not have been relevant. The court therefore cannot be put in error for sustaining the state's objection to the questions in the absence of a statement from defendant's counsel as to the purpose of the questions, showing the relevancy of the answers sought to be elicited.

The other questions insisted upon in brief of appellant in application for rehearing are expressly and fully passed upon in the original opinion.

Application overruled.