(85 South. 849)

## TURNER v. STATE. (4 Div. 600.)

(Court of Appeals of Alabama. June 22, 1920.)

1. HOMICIDE ☞307(1)—INSTRUCTION AS TO DEGREE OF HOMICIDE PROPERLY REFUSED AS CONFUSING.

In a trial for murder, where it was agreed in open court that the state would not insist upon a conviction for a higher degree of homicide than murder in the second degree and the actual conviction was for manslaughter, a charge that, if the jury "are not convinced beyond a reasonable doubt that defendant is guilty as charged, then they cannot so convict the defendant," was properly refused as being confusing.

2. HOMICIDE ☞300(2)—CHARGE AS TO SELF-DEFENSE PROPERLY REFUSED AS NOT CLEARLY EXPRESSED.

In a prosecution for murder, a charge that, "If the jury believe from the evidence that deceased followed defendant and brought on the difficulty, and defendant was free from fault, and that deceased cut defendant and threw her to the ground, still cutting her, then defendant had the right to protect herself, even unto the death of defendant," held properly refused, as not being clearly expressed.

3. CRIMINAL LAW ☞829(1) — INSTRUCTIONS COVERED PROPERLY REFUSED.

In a criminal case, it is not error to refuse a requested charge, where such charge is substantially covered by another written charge given.

4. HOMICIDE ☞160—THAT DEFENDANT WAS EATING ORANGE WITH KNIFE PROPERLY ADMITTED AS SHOWING PREPARATION.

In a prosecution for murder, evidence that defendant was eating an orange with a pocket-knife immediately before the homicide held properly admitted, as tending to show preparation for the crime.

5. HOMICIDE ☞338(2)—EVIDENCE THAT, AFTER DIFFICULTY, DECEASED WAS NOT NORMAL AND WAS STAGGERING, IF ERROR, HELD HARMLESS.

In a prosecution for the murder of a woman, evidence that, after the difficulty, deceased "left just like crazy like. She just went staggering like, and ran across to the house"—if irrelevant and incompetent, held harmless, in view of evidence that deceased was then suffering from mortal knife wounds.

6. CRIMINAL LAW ☞407(2)—STATEMENTS OF DECEASED HELD ADMISSIBLE AS ACCUSATION OF CRIME.

In a prosecution of a woman for the murder of another woman, evidence that, after the difficulty, deceased said to defendant, "You are so bloodthirsty, you ran up behind me and stabbed me; come out"—to which defendant replied, "I am not coming out," held admissible as being an accusation of crime calling for a denial.

7. CRIMINAL LAW ☞366(4)—ACCUSATION OF DEFENDANT BY DECEASED HELD ADMISSIBLE AS RES GESTÆ.

In a prosecution of a woman for the murder of another woman, evidence that, immediately after the difficulty, deceased said to defendant, "You are so bloodthirsty, you ran up behind me and stabbed me; come out,"—to which defendant replied, "I am not coming out," held admissible as being within the res gestæ of the homicide; there being no appreciable interval between the cutting and the accusation.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

8. CRIMINAL LAW ⬿363 — WHEN STATE-MENTS ARE ADMISSIBLE AS RES GESTÆ STATED.

Whether statements in a criminal case are within the res gestæ depends upon whether the circumstances are such that it may, with reasonable certainty, be affirmed that the statement was produced by, and instinctive upon, the occurrence to which it related, rather than a retrospective narration of the occurrence.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Fannie Turner was convicted of manslaughter, and she appeals. Affirmed.

The following charges were refused to the defendant:

(3) The court charges the jury that if they are not convinced beyond a reasonable doubt that the defendant is guilty as charged, then they cannot so convict the defendant.

(6) If the jury believe from the evidence that the deceased followed the defendant and brought on the difficulty, and the defendant was free from fault, and that the deceased cut the defendant and threw her to the ground, still cutting her, then the defendant had the right to protect herself, even unto the death of the defendant.

Lee & Tompkins, of Dothan, for appellant.

The evidence as to what the deceased said at Sander's house was a narration of a past transaction, and not admissible. 130 Ala. 17, 30 South. 379; 94 Ala. 12, 11 South. 190; 35 Ala. 617; 107 Ala. 64, 18 South. 219. Counsel discuss the other assignments of error, but without further citation of authority.

J. Q. Smith, Atty. Gen., for the State. No brief reached the Reporter.

MERRITT, J. The appellant was indicted for the murder of Hattie Parker, and was convicted of manslaughter in the first degree; her punishment being fixed at two years in the penitentiary.

[1] Charge 3, as written, was subject to criticism as having a tendency to mislead the jury. Aside from this, it was unquestionably misleading, in view of the particular circumstances incident to this case. It was agreed in open court that the state would not insist upon a conviction for a higher degree of homicide than murder in the second degree. The conviction was for manslaughter in the first degree. In the light of this, the charge would have been confusing to the jury.

[2, 3] Charge 6 is not clearly expressed, as appears from the concluding words, "even unto the death of the defendant." Moreover, the charge is substantially covered by given written charge 2.

[4] Nelse Parker testified that about dark, on the day of the homicide, he saw the defendant, who inquired whether Hattie Parker (deceased) was up on the hill. Witness was asked what the defendant had at that time. He answered that she was eating an orange with a pocketknife. The court properly admitted this evidence. It might tend to show preparation for the crime, and for this purpose, if no other, was admissible. Rollings v. State, 160 Ala. 85, 49 South. 329; Underhill, Crim. Ev. p. 375; Finch v. State, 81 Ala. 49, 1 South. 565.

The witness Emmet Brown reached deceased immediately after the difficulty, while she was still on the ground. Deceased went to Sallie Espy's house, but "stayed there no time; she just whirled and came away, and went to Jane Sander's house." In response to a question as to how deceased acted after she left witness, he was permitted to state: "She left just like crazy like. She just went staggering like, and ran across to the house, and then went to Jane Sander's house." The defendant had gone to Jane Sander's house.

[5] Assuming that the testimony was irrelevant and incompetent, its admission was without injury to the defendant. There was ample evidence before the jury, at the time, deceased was suffering from mortal wounds inflicted by a knife in the hands of defendant. Evidence that deceased was not normal, or that she was staggering, added nothing to the facts which were before the jury without objection.

[6] The same witness Brown was present when deceased reached Jane Sander's house. He was asked: "What did she (deceased) say to Fannie, if anything?" He answered: "She said: 'You are so bloodthirsty, you ran up behind me and stabbed me; come out' —and that defendant replied: 'I am not coming out.'" This testimony was admitted over defendant's objection.

[7] The silence of the accused, in the face of a pertinent accusation of crime, partakes of the nature of a confession. It is admissible as a circumstance tending to show guilt. Its admissibility is predicated on the accusation being heard and understood by the accused, and under circumstances calling for a denial. Underhill's Crim. Ev. pp. 153–158; Rowlan v. State, 14 Ala. App. 20, 70 South. 953; Jones v. State, 156 Ala. 180. 47 South. 100. The statement referred to was, in our opinion, admissible as being within the res gestæ of the homicide. According to the witness, there was no appreciable interval between the cutting and the accusation.

[8] Whether it was within the res gestae depends upon whether the circumstances are such as that it may, with reasonable certainty, be affirmed that the statement was produced by and instinctive upon the occurrence to which it related, rather than a retrospective narration of the occurrence. If it

was an ebullition of a state of mind engendered by what happened, and not a mere statement of facts, as held in memory of a past transaction—if it was made so soon after the difficulty as that, under the particular circumstances transpiring between the difficulty and the making of the statement, it is reasonably clear that it sprang out of the transaction and stands in the relation of unpremeditated result thereof, the idea of deliberate design in making it being fairly precluded, and the statement tending to elucidate the difficulty—it is to be regarded as contemporaneous with the main transaction, and as a part of it within the rule as to res gestæ. Deceased was mortally stabbed, and was in a critical condition. There had been, it would appear, no opportunity for the formation of a deliberate statement. It appears with reasonable certainty that the statement was instinctive upon the difficulty, and not a mere narration of a past transaction. Nelson v. State, 130 Ala. 88, 30 South. 728; Holyfield v. State, ante, p. 162, 82 South. 652.

There is no error in the record, and the judgment is affirmed.

Affirmed.