184 So. 208

### KIEL v. STATE.

### I Div. 309.

Court of Appeals of Alabama.

June 30, 1938.

Rehearing Denied Oct. 4, 1938.

Granade & Granade, of Chatom, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The homicide was committed at night in a room about sixteen by eighteen feet where a number of negroes were gathered for a supper and for fun and frolic. There was but one light in the room and that was a lamp. The deceased, Sam McVay, was drinking and circulating among those present and on two occasions had put out the light. Just before the fatal difficulty he was warned by several of those present not to put out the light again, and one of those who asked him not to put out the light again was this defendant. The third time the deceased, in spite of the request and warning, put out the light, leaving the room in darkness. At this time the difficulty occurred. All of the testimony of the eye witnesses tends to prove that the scuffling and the fighting was between the deceased and Henry Kiel, a brother of this defendant. The deceased died as the result of knife wounds inflicted by some one, but nobody saw who did it. The only testimony, which we can find, tending to connect this defendant with the crime charged is the evidence of several witnesses who testified that a woman by the name of Hattie Bumpers, who was present at the frolic and who some ten or fifteen minutes after the deceased had been cut said: "That's enough, Arthur, that's enough, that's enough; don't let Henry get to him any more. Don't let Henry get to him any more." And, some time after this, while the parties were going home through the cemetery, Hattie Bumpers again said: "Lord, Arthur done killed that man; Arthur done got himself in a world of trouble; Arthur done killed Sam McVay." This last being said in the presence of the defendant, which he immediately denied.

The foregoing testimony with phraseology differing a little from the several State's witnesses, raises the two questions of merit on this appeal.

By the testimony of all of the witnesses, the exclamation by Hattie Bumpers "that's enough Arthur, that's enough; don't let Henry get to him anymore" was said some ten or fifteen minutes after the difficulty. It must be observed, that Hattie Bumpers was not engaged in the difficulty, nor was she being examined as a witness. The testimony was by other witnesses as to what a third party said regarding the difficulty. Whether declarations are admissible as res gestæ depends on whether the circumstances are such that it may be affirmed as reasonably certain that the declarations were produced by, and were instinctive of the occurrences to which they relate, rather than retrospective narratives of such occurrences. Such declarations to be admissible as res gestæ must be contemporaneous with the main fact, and so closely connected with it as to illustrate its character. Hardeman v. State, 14 Ala.App. 35, 70 So. 979; Holyfield v. State, 17 Ala.App. 162, 82 So. 652; Turner v. State, 17 Ala.App. 514, 85 So. 849; Humber v. State, 19 Ala.App. 451, 99 So. 68; Ex parte State ex rel. Attorney General, 210 Ala. 559, 99 So. 73; Roan v. State, 225 Ala. 428, 143 So. 454. In the absence of testimony making the exclamation of Hattie Bumpers a part of the res gestæ, the testimony of the several witnesses relating thereto was hearsay and should have been excluded.

The testimony of the witnesses tending to prove an accusation by Hattie Bumpers, while she, the defendant and others were going home through the cemetery after the homicide, is dependent upon whether or not it is such accusation as would if not denied amount to an admission of guilt. At best silence, when accused of crime, is only a weak admission of guilt, and, while it is admissible when not denied, it ceases to be legal evidence when there is a prompt denial on the part of the party accused. Johnson v. State, 17 Ala. 618. The admissibility is dependent, not only on the accusation, but upon

310

silence of the accused when the accusation was of such a nature as called for a denial.

In the several rulings of the court regarding the foregoing testimony, there was error prejudicial to the defendant's cause. It should not have been admitted, and without it there was no evidence which would authorize a jury to convict this defendant of the homicide.

As we gather from this record, the difficulty occurred in a dark room, filled with dark men and dark women; nobody saw the cutting and nobody knows who did it. The nearest evidence tending to prove the cutting was that another, other than this defendant, was having a fight and a tussle with the deceased, and there is no evidence that this defendant was engaged in the fight, or that he had any part in it.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.