The Grand Jury of Jefferson County returned an indictment against the appellant, Billy Wayne Chambers, charging him with an assault with intent to murder. The appellant entered a plea of not guilty. A jury found appellant guilty of assault with intent to murder. The trial court sentenced the appellant to 10 years in the penitentiary, and he appeals to this Court.
This appeal was submitted on briefs. The appellant was represented by court appointed counsel at all proceedings in the trial court, and is so represented in this Court.
We do not consider facts contained in documents attached to appellant's brief which are not contained in the record before this Court. We may review only rulings by the trial court which are shown by the record certified to this Court by the clerk of the trial court. Edwards v. State, 287 Ala. 588, 253 So.2d 513;Howard v. State, Ala.Cr.App., 347 So.2d 574; Taylor v. State,55 Ala. App. 184, 314 So.2d 104.
Appellant contends that his conviction should be reversed because the trial court erred in two respects in ruling on the admission of evidence; first, in overruling appellant's objection to a question propounded by the state to its witness, Officer Blanton; second, by sustaining an objection of the state to a question propounded to appellant's witness, Mrs. Terry Walker.
Other arguments and contentions made in appellant's brief that are not supported by the record are not considered by this Court.
State's evidence tends to prove that the appellant attempted to run an automobile over and kill an officer who was attempting to make an arrest of an escaped prisoner. The appellant's evidence tends to prove that he was not an occupant of the automobile used in the attempt.
The guilt or innocence of the appellant was, under the facts in this record, a question to be decided by the jury. We hold that the jury's verdict is fully supported by the evidence presented to it. Code of Alabama 1975, Title 13-1-46; Byrd v.State, 213 Ala. 333, 104 So. 830.
In the record before us we find that during the direct examination of state's witness, Officer Blanton, the following occurred:
"Q Who were you looking for?
A Billy Wayne Chambers and Tony Tucker.
 Q Did you have some arrest order or something like that for them?
A Yes, sir.
 Q Did you have some tele-type information regarding them at that time?
A Yes, sir.
Q What was that?
A Escaping.
MR. POPE: I object, Your Honor.
THE COURT: Overruled.
MR. POPE: Exception."
The general rule is, that, after a question is asked, and a responsive answer given, an objection comes too late, and the trial court will not be put in error in the absence of a motion to exclude or strike, and also an adverse ruling on the motion. We hold that the trial court did not err in its ruling. Ausbornv. State, 346 So.2d 1191; White v. State, Ala.Cr.App.,347 So.2d 566; Embrey v. State, 283 Ala. 110, 214 So.2d 567; Walkerv. State, 265 Ala. 233, 90 So.2d 221; Roynica v. State,54 Ala. App. 436, 309 So.2d 475.
Appellant's second contention is shown by the following excerpt from the record:
 "Q After he told you the same story that he told you, what did he say?
MR. JOHNSON: Judge, I object to that. *Page 769 
THE COURT: Sustained.
MR. POPE: I am asking what Billy Chambers told her.
 THE COURT: I know it and I am sustaining the objection to it. What this defendant said to a third party is inadmissible.
 MR. POPE: I am talking about what he said to her, the witness on the stand.
 THE COURT: I know it. That is what I am talking about, too.
 Q But the story Billy Wayne Chambers told you was identical with the story Tucker and Odom had already told you?
MR. JOHNSON: I am going to object to that, Judge.
 THE COURT: Wait. Sustained. Don't answer. Now has everyone finished?"
The foregoing occurred during the direct examination of Mrs. Terry Walker, a witness called by the appellant. Tucker and Odom were not witnesses at the trial. The alleged conversations of the witness, Mrs. Walker, with Tucker and Odom and with the appellant took place two or three hours after the alleged assault and in a different part of the city of Birmingham. It is clear from the record in this case that the alleged story that appellant had told Mrs. Walker was a mere narration of a past transaction and was not a part of the res gestae. The question called for an answer that was objectionable as hearsay and as a self-serving declaration. One is not allowed to make evidence in his behalf by making self-serving declarations. We hold that the trial court was correct in its ruling. IllinoisCentral R.R. Co. v. Lowery, 184 Ala. 443, 63 So. 952; Dean v.State, 105 Ala. 21, 17 So. 28; Reese v. State, 338 So.2d 495;Kiel v. State, 28 Ala. App. 308, 184 So. 208; Alabama Power Co.v. Ray, 249 Ala. 568, 32 So.2d 219; Espey v. State, 270 Ala. 669, 120 So.2d 904; Smarr v. State, 260 Ala. 30, 68 So.2d 6;Davis v. State, Ala.Cr.App., 331 So.2d 813.
We have searched the record for any errors prejudicial to the defendant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment is hereby affirmed.
AFFIRMED.
All the Judges concur.