In denying the petition for certiorari, we are not to be understood as agreeing with the following portion of the opinion of the Court of Criminal Appeals:
 "The question was answered before the State's objection and, although there was a motion to strike the answer, the court never ruled on the motion or excluded the answer from the jury's consideration. See Chambers v. State, 356 So.2d 767, 768 (Ala.Cr.App. 1978). Evidence of the victim's reputation for carrying a pistol was, therefore, before the jury and the defendant's complaint is groundless."
In Chambers, defense counsel objected to a question asked by the State after the State's witness had responded. In the absence of a motion to exclude, the appellate court held that the defendant could not successfully challenge the trial court's adverse ruling. Here, defendant seeks to validate, not impugn, the answer of the witness. It was not incumbent upon defendant to move to exclude the very evidence he was seeking to introduce. Therefore, because of the adverse ruling with respect to its admissibility, the witness's statement concerning the victim's reputation for carrying a pistol could hardly be said to be "before the jury."
We do agree, however, that the trial court's judgment was due to be affirmed as to its ruling sustaining the State's objection "on the ground that the proper predicate has not been laid to get the testimony in."
WRIT DENIED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.