BRICKEN, P. J.
 

 This action is by appellee against appellant. The complaint contains counts in trover, trespass, and detinue, and the subject of the controversy is two blue mare mules; the plaintiff claiming title to the property under a mortgage executed to the plaintiff by J. W. Nix, on February 12, 1920.
 

 The plaintiffs are described in the summons as “Gay & Bruce, a partnership composed of S. J. Gay and J. S. Bruce,” but the names of the plaintiff are not stated in the complaint as a partnership or as individuals. Motion was seasonably made to dismiss the suit on the ground that “a partnership cannot sue in the partnership’s name and the proceedings are therefore void.” The motion was overruled by the trial court, and this ruling is made the basis of the first assignment of error.
 

 In suits by a partnership as plaintiffs, the better practice is to sue in the name of the individuals as partners in business under the stated firm name; and while the practice of suing in the firm name, followed by a statement in the complaint of the individuals composing the partnership, has been approved, it is not sufficient, as against appropriate demurrer, to merely state the partnership name in the summons. Hatcher v. Branch, Powell & Co., 141 Ala. 410, 37 So. 690; Foreman v. Weil Bros., 98 Ala. 496, 12 So. 815; Lister v. Vowell et al., 122 Ala. 264, 25 So. 564.
 

 Under the authorities, it is reversible error to render a judgment by default, on a complaint brought only in the partnership name, but the proceedings are not void, and such judgment will support on appeal. Simmons v. Titche Bros., 102 Ala. 317, 14 So. 786; Moore v. Burns, 60 Ala. 270; Lanford v. Patton, 44 Ala. 584; Reid v. McLeod, 20 Ala. 576. The irregularity, however, may be waived by pleading to the merits. Simmons v. Titche Bros., supra. The proceeding not being void, the motion to dismiss was properly overruled.
 

 The bill of exceptions shows that the plaintiff offered in evidence a mortgage executed by J. W. Nix on February 12, 1920, for $475, that the defendant objected to it, and that the objection was overruled. While the mort
 
 *645
 
 gage is not set out in the bill of exceptions,' these recitals are sufficient to show it was in evidence. In Whatley v. Taylor, 211 Ala. 655, 101 So. 590, cited by appellant, it appears that the objections of the defendant to the mortgage in that case were first sustained because its execution was not proven, and after proof of its execution was made, it was not again offered in evidence, and was not before the court. This clearly differentiates that case from this.
 

 The plaintiff offered Coleman Den-son as a witness, and on his direct examination he testified that Nix lived in Randolph county; that witness obtained the mules from Nix in a trade, made in Clay county, on July 20, 1920; that he kept them three or four weeks, and let the defendant have them about August 9, 1920. ‘ Under such circumstances, the recording of the mortgage in Randolph county, if it was so recorded, was constructive notice to defendant. Argo v. Sylacauga Merc. Co., 12 Ala. App. 442, 68 So. 534. The mortgage being offered in evidence, as we have shown, the failure of appellant to incorporate it in the bill of exceptions justifies the assumption that it was properly recorded in Randolph county.
 

 On cross-examination, plaintiff’s witness Denson testified that by an arrangement made between witness and Dr. Gay, one of the plaintiffs, for a consideration, plaintiffs agreed to release the mules, in controversy, then held by the defendant, from their mortgage. While this evidence came from plaintiff’s witness, it did not preclude the plaintiff from offering evidence controverting this testimony ; and under some conditions, a party who has offered a witness may ask the witness whether or not he has made other statements, conflicting with his testimony. Jebeles Colias Conf. Co. v. Booze, 181 Ala. 456, 62 So. 12; Hickman v. State, 12 Ala. App. 22, 67 So. 775; Schieffelin v. Schieffelin, 127 Ala. 35, 28 So. 687; Thomas v. State, 117 Ala. 178, 23 So. 665; White v. State, 87 Ala. 24, 5 So. 829.
 

 But we know of no rule that permits a party offering a witness to impeach the credibility .of the witness by proving by other witnesses that he made statements contradictory to what he has testified. The full scope of the exception to the rule is stated in Hickman v. State, supra.
 

 Nor can a witness be impeached in the absence of a proper predicate by showing contradictory statements made out of court. Atwell v. State, 63 Ala. 61; Brown v. State, 79 Ala. 61.
 

 The court therefore erred in allowing the plaintiff to show by Dr. Gay that the witness Denson stated to Gay in his office that he was not' claiming that Gay released the mules, and also in overruling defendants’ motion to exclude the statement of Gay :
 

 “I then called Bob Stephens back in there, and he told the same story before Bob—that he did not claim that I released them at all.”
 

 The court also erred in overruling defendant’s objection to the'following question asked the witness Gay:
 

 “Now, Doctor, did you at the time Nix executed this mortgage to you, did you already have a mortgage on the same mules?”
 

 Only one mortgage was offered in evidence, the one under which the plaintiff claimed the property, and whether or not .the witness had another mortgage at the time he took the one under which the plaintiff claimed was not material, and if it was the mortgage should have been produced.
 

 We cannot know how far the trial court was influenced in the finding of fact by the évidence erroneously admitted, and for the errors pointed out the judgment is reversed. Brandon v. Progress Dis. Co., 167 Ala. 365, 52 So. 640; Bowdon Dime Works v. Moss, 14 Ala. App. 433, 70 So. 292.
 

 Reversed^ and remanded.