6 So.2d 455

### RUFFIN et al. v. STATE.

#### 2 Div. 703.

Court of Appeals of Alabama.
Dec. 16, 1941.

Rehearing Denied Jan. 13, 1942.

D. M. Boswell, of Butler, for appellants.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Prosecution for larceny of a heifer. From a judgment of conviction, the defendants appeal. Their defense was possession of the animal under bona fide claim of ownership and their evidence tended to support this contention. On the contrary, the evidence for the State supported the prosecutor's claim of ownership.

The sole insistence of error urged by learned counsel for appellants is the refusal of the trial court to direct a verdict in favor of the defendants because the State allegedly failed to sustain its burden of proving a felonious taking.

■ Although an intent to steal and a bona fide claim of right to take property are incompatible, and larceny is not predicable upon a good-faith taking under claim of right, nevertheless, whether there was a felonious intent in the taking, an animus furandi, or a taking under bona fide claim of ownership were, under the evidence here, issues for the jury to settle upon a view of all the facts and circumstances of the case under the guidance of proper instruction from the court.

■ Although support for the appellants' contention for the affirmative charge is found if their evidence alone is to be considered, the State's evidence is directly contradictory and furnishes certain substantial inferences against their innocence (more so, we add, against the husband than against the wife). In such cases the affirmative charge was properly denied. Wilson v. State, Ala.App., 3 So.2d 136,[1] certiorari denied Ala.Sup., 3 So.2d 139;[2] Emerson v. State, ante, p. 89, 1 So.2d 604, certiorari denied 241 Ala. 141, 1 So.2d 605; Wells v. State, 29 Ala.App. 586, 199 So. 253.

■ Our duty in criminal cases is to search the record for error and upon so doing we discern a substantial one which should vitiate the conviction and necessitate a reversal of the judgment.

■ On direct examination of State's witness Shep Nichols, his testimony was adverse to the State. Upon a suggestion of surprise in his testimony, the State was permitted to examine the witness touching statements made by him to the solicitor in the witness room preceding trial, contradictory to his testimony on the stand. In permitting the State to so interrogate the witness, the court acted with propriety. Alabama Digest, Witnesses, ⊕ 380 (1).

But, the witness having denied making such statements in the witness room and adhering to his adverse testimony, the State, against due objection and exception by counsel for appellants, was allowed to prove by other witnesses statements in the witness room contradictory to his testimony upon the stand. In this there was prejudicial error.

■ The rule is settled in Alabama that, although a party who is surprised by unfavorable testimony of his witness may interrogate such witness as to previous inconsistent statements, yet he may not impeach his own witness by introducing proof of prior inconsistent statements to avert the effect of the unexpectedly unfavorable testimony given by such witness. Alabama Power Co. v. Hall, 212 Ala. 638, 103 So.

1 Ante, p. 126.          2 241 Ala. 528.

867; Southern Ry. Co. v. Parkes, 10 Ala. App. 318, 65 So. 202; Cole v. Gay & Bruce, 20 Ala.App. 643, 104 So. 774.

In permitting the State to so contradict its witness on material matters testified to by him the learned trial judge transgressed the rule above and a reversal is due.

In view of a probable second trial, we deem it proper to observe that the evidence of guilt was less substantial against the wife than against the husband. It must be borne in mind that the domicile of the wife must of necessity be with her husband and the mere presence of the stolen animal at that domicile in no way impugns the innocence of the wife. This fact alone in no way makes her particeps criminis in the alleged unlawful taking or in the unlawful receiving or concealing, etc., of the property.

Reversal is rested, however, upon the error noted above in the examination of the witness Nichols.

Reversed and remanded