74 So.2d 535

Romie WOODS

v.

STATE.

6 Div. 831.

Court of Appeals of Alabama.

Aug. 31, 1954.

R. G. Redden, Vernon, for appellant.

Si Garrett, Atty. Gen., and Arthur Joe Grant, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

The indictment against this appellant charged him with the murder in the second degree of Burley Brown.

Omitting the formal parts, the indictment charged in specific terms that the appellant "killed Burley Brown by striking him with a rock," etc.

■ The first witness called by the State was Darrell Woods, a nephew of the appellant.

The material portions of his testimony in so far as necessary to this review were to the effect that he observed the appellant and the deceased sitting on the edge of the porch of appellant's house, with their lower legs hanging off. The two appeared to be in an argument. The appellant moved to the ground, and picked up a large piece of concrete weighing from 75 to 90 pounds. About this time the witness claimed his attention was attracted by some mules in the yard and the extent of his observation thereafter was that he saw the appellant shove the rock toward the deceased, but did not see any actual blow.

At this point the Solicitor claimed surprise and was permitted to examine the witness as to whether he had not made a statement to Mr. J. C. Clements, a member of the Highway Patrol, in which he had stated that he saw the appellant hit the deceased over the head with a rock.

The witness stated he had signed a written statement prepared by the officer, but had not read it over and did not know its contents.

He reiterated his testimony to the effect that he had not seen the rock strike the deceased.

Thereafter, over appellant's well grounded objections, the Solicitor was permitted to show through Mr. Clements, the Patrolman, that the witness Darrell Woods

had told him that he had seen the appellant hit the deceased over the head with a rock; that such statement was read over to Darrell, and signed by him.

The evidence is undisputed that both appellant and deceased were drunk at the time of this affray, and the evidence of the defense was directed toward showing that the deceased received his fatal injuries by falling off the porch and butting his head on a rock.

In permitting this testimony by Mr. Clements the court committed error necessitating a reversal of this cause.

Regardless of the doctrines that may have been developed in other jurisdictions, it is the settled rule of this State that when a party is surprised by adverse testimony of a witness, and denotes such surprise, he may question the witness as to his previous statements which are inconsistent with his present testimony. The party may not however go further and show by the persons to whom such statements were made the contents of such prior inconsistent statements. Alabama Power Co. v. Hall, 212 Ala. 638, 103 So. 867; Ruffin v. State, 30 Ala.App. 344, 6 So.2d 455, and numerous cases cited in each of the above authorities.

Reversed and remanded.