90 So.2d 92

**Romie WOODS**

v.

**STATE.**

**6 Div. 282.**

Court of Appeals of Alabama.

Oct. 16, 1956.

R. G. Redden, Vernon, for appellant.

John Patterson, Atty. Gen., and Robt. Straub and Robt. G. Kilgore, Jr., Asst. Attys. Gen., for the State.

PRICE, Judge.

This is the second appeal in this case. Woods v. State, 37 Ala.App. 668, 74 So.2d 535. On the former appeal the judgment of conviction was reversed, and the cause remanded for another trial, because the trial court permitted the State to show, by the person to whom they were made, the contents of previous statements by the State's witness, Darrel Woods, which were inconsistent with his statements on the trial.

The appellant now insists that the court erred to a reversal in permitting the solicitor on this trial to question the said Darrel Woods, called again as a witness by the State, as to such alleged previous statements.

The witness testified, as he did on the first trial, that he saw the defendant shove the rock at deceased but did not see the rock actually hit him.

Thereupon the solicitor claimed surprise and over defendant's objections was permitted to ask the witness if he didn't tell the solicitor the next day after the occurrence that he saw Romie Woods hit Burley Brown with a rock. The witness answered: "I might have, I don't know, I don't remember."

It is well settled that a party has no right to impeach his own witness, but, when he is taken by surprise and denotes such surprise, he may interpose questions to the witness as to his previous statements which are inconsistent with his present testimony. Woods v. State, supra; Ray v. State, 29 Ala.App. 382, 197 So. 70; Louisville & N. R. Co. v. Scott, 232 Ala. 284, 167 So. 572.

But it is not enough to claim surprise; the party offering the witness must be genuinely surprised at his testimony. Moomaw v. United States, 5 Cir., 220 F.2d 589; Young v. United States, 5 Cir., 1938, 97 F.2d 200, 117 A.L.R. 316; State v. Thorne, 43 Wash.2d 47, 260 P.2d 331; Gillaspy v. State, 96 Okl.Cr. 347, 255 P.2d 302; Darden v. State, 42 Okl.Cr. 6, 273 P. 1027.

In Young v. United States, supra [97 F.2d 205], the court said: "It is, in our opinion, never admissible under any sound interpretation of the rule, certainly not in Texas, nor in the Fifth Circuit, to offer a witness whose testimony the offerer knows in advance will be adverse, in order to get before the jury, in the form of impeachment, contradictory statements of his which are useful to the prosecutor."

In State v. Cooper, 10 N.J. 532, 92 A.2d 786, 800, after stating that surprise is an elementary requisite to the introduction of evidence to neutralize the testimony of one's own witness, the court said: "On a retrial the basis for the surprise here alleged obviously would not exist as both sides are now fully aware of such conflicts or inconsistencies as appear from the record. The difficulties which may be encountered in a new trial cannot be ascertained until the witness is again called and the developments unfold."

In Strand v. Village of Watson, Minn., 72 N.W.2d 609, 617, the judgment was reversed and a new trial granted. The court, in view of its decision on another point, stated it was unnecessary to decide whether the trial court abused its discretion in permitting a party to impeach a witness called by him: "The question is not apt to arise on a new trial, as there can hardly be any claim of surprise if Martinson again testifies as he did before."

584

Obviously, the State was fully aware of what the testimony of the witness Darrel Woods would be before he was called to testify. There being no surprise, the State should not have been permitted to attempt to impeach his testimony.

Reversed and remanded.