104 So.2d 760

**Romie WOODS**

v.

**STATE.**

**6 Div. 564.**

Court of Appeals of Alabama.

May 27, 1958.

Rehearing Denied Aug. 19, 1958.

R. G. Redden, Vernon, for appellant.

John Patterson, Atty. Gen., and Robt. G. Kilgore, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

No brief was filed in behalf of the appellant in the original appeal of this case. However, having examined this record and concluding that no error justified a reversal, and that no point justified any discussion, we affirmed the judgment without an opinion.

Counsel for appellant has filed a brief in support of appellant's application for rehearing, and argues that the lower court erred in admitting into evidence a portion of the direct examination of Darrel Woods, a witness for the State at the second, or immediately preceding trial of this case.

The evidence shows that this witness was absent from the State, in military service, and was not available at the present trial.

In the second trial, in which Darrel Woods had testified, this court held that objections to certain questions were improperly overruled, and constituted reversible error. See Woods v. State, 38 Ala. App. 582, 90 So.2d 92.

Preceding the introduction of the testimony of Darrel Woods taken at the second trial, the Solicitor informed the court that he wished to introduce all of the direct testimony of Darrel Woods, except that portion that had been held illegal by this court. This portion of the testimony was marked in the transcript.

Counsel for appellant objected to the introduction of the former direct testimony of Darrel Woods on the grounds that his entire testimony would have to be introduced.

The court informed counsel for appellant that he could introduce all of the testimony of Darrel Woods if he desired, after the State had introduced his direct testimony.

The court cautioned the Solicitor not to read those questions and answers in the direct testimony which this court had held to be improper.

The direct testimony of Darrel Woods, except that portion held to be improper by us as above mentioned, was then read into evidence.

The court then offered to the defense the opportunity to introduce into evidence the full examination of Darrel Woods, and counsel for the appellant refused the offer.

The transcript of the entire testimony of Woods was available at the trial to appellant.

■ Such parts of the former testimony of a witness as are irrelevant may be rejected by the court. Magee v. Doe ex dem. Hallett, 22 Ala. 699.

■ Clearly the court was correct in refusing to permit that part of Woods' testimony to be read in evidence which we had previously held constituted illegal evidence.

■ The appellant, having been given every opportunity to introduce into evidence the entire testimony, including the cross-examination, of Darrel Woods, is in no position to complain that all of Woods' testimony was not introduced by the State, but only his direct testimony.

The rules pertaining to the introduction of prior testimony of a witness have been often stated, and need no further discussion. See Lowe v. State, 86 Ala. 47, 5 So. 435; Jacobi v. State, 133 Ala. 1, 32 So. 158; Wyatt v. State, 35 Ala.App. 147, 46 So.2d 837; Wellden v. Roberts, 37 Ala. App. 1, 67 So.2d 69.

Application overruled.

CATES, Judge (concurring).

I concur in the foregoing opinion of our Presiding Judge. This extension on my part is solely to supplement what he has so ably stated by adding a caveat pointing out that the excised testimony of the witness, Darrel Woods, consisted of part of his direct testimony for the State.

Had the excisions been of cross-examination of a State witness on a former trial, there would be a presumptive disadvantage to the defendant without any opportunity to repair the breach by further cross-examination.

Apparently, here the defendant made no objection to the omission of Darrel Woods' cross-examination; indeed, the transcript seems to have been tendered him so that he might have the reporter read the cross-examination to the jury.