107 So.2d 899

### Thomas J. MARCUM

### v

### STATE.

### 6 Div. 521.

Court of Appeals of Alabama.

Aug. 19, 1958.

Rehearing Denied Oct. 7, 1958.

Davis & Donald, Tuscaloosa, for appellant.

John Patterson, Atty. Gen., and Wm. C. Younger, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment, in two counts, charged the manufacture of prohibited liquors or beverages and the possession of an illicit still. Defendant was found guilty of possessing a still, as charged in the indictment.

The State's evidence tended to show that two Negro men, Jones Clements and Nubert Whitson, were arrested at a still in the Sterling Community in Tuscaloosa County. A few minutes later defendant was also arrested in the vicinity of the still and taken to the still by the officers.

Jones Clements, called as a witness by the State, testified on direct examination that he was forty years of age and lived up about Samantha; that he remembered being caught at the whiskey still in February; that he knew Mr. Tom Marcum, the defendant, but that he never saw him on the day he was arrested until defendant was brought to the still.

At this point the Solicitor claimed surprise and stated to the court: "We talked to this witness this morning. We have a written, signed statement from him, and we talked to this witness right in there this morning and he told us a different story, and * * * we ask for permission to impeach this witness."

Defense counsel objected and moved for a mistrial on the grounds, among others, that any statement made by the witness out of the presence or hearing of the defendant would be hearsay; that the Solicitor had no right to impeach his own witness, and that the Solicitor's statement tended to prejudice the defendant to the extent that it would be impossible for him to obtain a fair trial. The court overruled the objection and stated: "I will grant the right to cross examine him to impeach him."

Thereupon, over defendant's objections, the Solicitor proceeded to cross examine the witness. In response to questioning the witness stated that on the morning of the trial he told the State's attorneys that Mr. Marcum came to his house a week before he was caught at the still and told witness he wanted him to run some whiskey. He further testified that defendant came to see him again the day of the arrest, picked him up in his truck and told him the pot was ready to run and he wanted him to go

over and run it for him; that he and Mr. Marcum picked up Nubert Whitson and they got some jugs, cans and fuel oil; that defendant showed them where the still was and after they had unloaded the truck witness and Whitson went to the still.

On cross examination the witness admitted he had previously stated to defense counsel that a Mr. Dyer drove him to defendant's house and that he did not see defendant until after the arrest. In response to questioning by defense counsel he reaffirmed the story previously told to defendant's attorney, which was diametrically opposed to the matters testified to by the witness in response to the Solicitor's questions.

On redirect examination the witness again admitted that he had made a statement to the Solicitor in March, in which he told him that defendant had asked him to run some whiskey and reiterated the matters testified to on direct examination.

On recross examination the witness testified he told the Solicitor the truth about all the matters the Solicitor questioned him about but that he had also told defense counsel a different story.

Upon being examined again by the Solicitor the witness testified he could neither read nor write, but that he had made his mark to a statement dated March 13, 1957. Over objection, the Solicitor was allowed to read the statement to the witness. In response to the question as to whether that was the statement he had made, the witness answered that it was. Thereupon, over objection, the court permitted the statement to be introduced in evidence.

■ The defendant insists the court committed reversible error in allowing the State to lay a predicate to cross examine Clements with the avowed purpose of impeaching its own witness.

This court, in Largin v. State, 20 Ala. App. 610, 104 So. 556, 557, stated the rule as follows:

"Whatever may be the rulings in other jurisdictions, it is well settled in this state that, when a party introduces a witness, he will not be permitted to impeach him, but, when put to a disadvantage by unexpected answers for the purpose of refreshing the recollection of the witness and of showing surprise, and to relieve himself from the disadvantage at which he had been put by such evidence, it is competent for him to ask the witness if he had not made statements contrary to what he had just testified; such evidence being competent, although its incidental effect is the impeachment of the witness' testimony, this character of evidence being limited to the examination of the witness himself. Schieffelin v. Schieffelin, 127 Ala. 14, 28 So. 687; Thomas v. State, 117 Ala. 178, 23 So. 665; White v. State, 87 Ala. 24, 5 So. 829; Southern Bell Tel. & Tel. Co. v. Mayo, 134 Ala. 641, 33 So. 16." See also Campbell v. State, 23 Ala. 44; Woods v. State, 37 Ala.App. 668, 74 So.2d 535; Woods v. State, 38 Ala.App. 582, 90 So.2d 92; Louisville & Nashville R. Co. v. Scott, 232 Ala. 284, 167 So. 572.

We think the rule was substantially followed and there was no error in permitting the Solicitor to examine the witness concerning a contrary statement previously made, for the purpose of showing surprise.

■ We are, however, of opinion there is merit in defendant's contention that the introduction in evidence of Clement's statement to the officers violated the well established rule that it is not permissible for the party calling a witness to fortify or bolster his testimony by showing that on other prior occasions he has made similar statements. Nichols v. Stewart, 20 Ala. 358; McKelton v. State, 86 Ala. 594, 6 So. 301; Kerr v. State, 31 Ala.App. 203, 14 So.2d 256; Jones v. State, 107 Ala. 93, 18 So. 237; Wesson v. State, 238 Ala. 399, 191 So. 249.

. The reason for such rule is announced in 58 Am.Jur. Witnesses, p. 462, Sec. 825, as follows:

"The reason for the rule is that such statements not having been made under oath, evidence that they were made is purely hearsay and that when once an inconsistent statement is proved, its effect is not lessened by the fact that other statements have also been made or that one statement has been more often repeated than the other. Such evidence, it has been said, ought on principle to be excluded, since it has no legitimate or logical tendency to establish the corroboration for which it is offered, especially where it is an established fact that the witness has made contradictory statements out of court. * * *"

"If two statements are contradictory, they cannot both be true, and the fact that they were made tends to show that the witness is unreliable on account of an uncertain memory or want of truthfulness. It seems clear that such evidence could not be overcome or explained by proving that the witness at some other time made a statement consistent with his testimony. The witness is discredited by the fact that he has contradicted himself and related the transaction in different ways, and to admit evidence that at sometime he had made a statement consistent with his testimony would only show that at different times he had been making different statements about the same matter."

To like effect are the statements of the court in Nichols v. Stewart, supra, and Jones v. State, supra.

On redirect examination the witness changed his testimony after admitting having made a prior statement inconsistent with his testimony. On cross examination he related the transaction in a different way and admitted making a prior statement consistent with the second version of the transaction. On redirect examination he reaffirmed the statement given to the Solicitor prior to the trial and reaffirmed the matters testified to on direct examination. On recross examination he again admitted that he had made contradictory statements but that he had told the truth to the Solicitor. The introduction of the statement was but an attempt to bolster his testimony and was not permissible under the authorities cited, supra.

For the error herein pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.