208 So.2d 455

Earl BENEFIELD

v.

STATE of Alabama.

5 Div. 852.

Supreme Court of Alabama.

March 14, 1968.

Paul J. Hooton, Roanoke, for petitioner.

MacDonald Gallion, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., opposed.

LAWSON, Justice.

This is a petition for writ of certiorari to review and revise the judgment and opinion of the Court of Appeals of Alabama in the case of Benefield v. State of Alabama, 208 So.2d 449.

Benefield was convicted of grand larceny in the Circuit Court of Randolph County. He appealed to the Court of Appeals, where the judgment of the trial court was affirmed in a two-to-one decision, with Judge Johnson dissenting.

The majority opinion of the Court of Appeals held that:

"The evidence presented a question for the jury to determine as to whether the taking of the automobile was done with a felonious intent, or whether the taking was under a bona fide claim of right, and was sufficient to sustain the verdict. The motion for a new trial was properly refused. Ruffin v. State, 30 Ala.App. 344, 6 So.2d 455, cert. den., 242 Ala. 345, 6 So.2d 456."

The majority opinion also upheld several rulings of the trial court on the admission and exclusion of evidence. We are not here concerned with the holdings of the Court of Appeals in regard to these rulings, inasmuch as none of them are challenged in the petition for writ of certiorari.

We have said that on certiorari to the Court of Appeals, this court will consider only questions which are treated in the opinion of that court which are challenged in the petition for the writ of certiorari and which are argued in brief filed in support of the petition. Liberty Mutual Ins. Co. v. Manasco, 271 Ala. 124, 123 So.2d 527; Harris v. State, 272 Ala. 146, 130 So.2d 231; Ex parte Thaggard, 276 Ala. 117, 159 So.2d 820; City of Gadsden v. Elrod, 250 Ala. 148, 33 So.2d 270.

In the petition presently under consideration, the only holdings of the Court of Appeals which are challenged are those to the effect that the evidence presented a jury question and was sufficient to sustain the verdict, hence the motion for new trial was properly overruled.

20

The dissent of Judge Johnson seems to be based in the main on his disagreement with the majority relative to the rulings of the trial court as to the admissibility of evidence offered. Unlike Shuttlesworth v. City of Birmingham (Ala.), 206 So.2d 348,[1] we observe nothing in the dissenting opinion which would justify us in going to the original record. We accept the facts as set out in the majority opinion and, being of the opinion that the majority arrived at the correct conclusion from the stated facts, we deny the petition for certiorari.

Petition denied.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.

