We granted the writ of certiorari in this case to review the decision of the Court of Criminal Appeals in Walker v. State,369 So.2d 814 (1978), which held an inculpatory statement may be introduced for impeachment purposes without a predicate of voluntariness where prior evidence of the circumstances surrounding the statement indicate an absence of coercive influence. We reverse.
Petitioner, Billy B. Walker, was convicted of first degree manslaughter. During the trial his statement to the sheriff "This is something that had to be done" was allowed in for impeachment purposes over petitioner's objection and without prior proof of voluntariness of the statement. Walker appealed to the Court of Criminal Appeals which affirmed, holding that although there was no voluntariness predicate, prior evidence of the circumstances surrounding the statement indicate an absence of coercion. This court granted certiorari on 17 May 1978.
In Campbell v. State, 341 So.2d 742 (Ala. 1976), this court held inculpatory statements:
 "* * * admissible for an impeachment purpose only upon a predicate establishing that they are free from coercive or involuntary influences. The circumstances accompanying the making of the inculpatory statement will determine the extent to which this foundation must be established, e.g., a `threshold' confession may, indeed, require evidence of a different voluntary setting than an in-custody statement. Cf. Tillison v. State, 248 Ala. 199, 27 So.2d 43 (1946)." (emphasis added)
Interestingly, Campbell affirmed a decision of the Court of Criminal Appeals expressly holding a predicate of voluntariness or trustworthiness must first be established. See Campbell v.State, 341 So.2d 735 (Ala.Crim.App. 1976). Neither decision was mentioned by the Court of Criminal Appeals in its opinion in this case.
Those cases hold the state must affirmatively show the inculpatory statement to be voluntary before it can be admitted. There was no such showing in this case. Therefore, the judgment of the Court of Criminal Appeals must be, and is hereby, reversed and the case remanded to that court for decision not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur.