JOSEPH J. MULLINS, Retired Circuit Judge.
The appellant was convicted of the offense of theft of property in the first degree, a Class B felony, and duly and legally sentenced to be imprisoned in the penitentiary of the State of Alabama for a term of 15 years, said sentence to run concurrently with the sentence he is presently serving.
The appellant was represented at all proceedings in the trial court by counsel of his choice, and is represented in this Court by the same counsel appointed by the trial court. This appeal was submitted to this Court on briefs.
The appellant states in his brief three reasons why his conviction should be reversed. First, that state’s evidence was not sufficient to convict the appellant for theft of personal property in the first degree under Title 13A-8-3, Code of Alabama, 1975; second, because the trial court refused to give appellant’s requested written charges distinguishing the offenses of unauthorized use of a motor vehicle, and theft of a motor vehicle; and third, because this Court should overrule the case of Johnson v. State, Ala.Cr.App., 398 So.2d 393, and decide that unauthorized use of a motor vehicle is a lesser included offense under the facts in this case.
State’s witness Willie Edward Mac Reynolds’ testimony tended to prove that January 6, 1982, at about 5:00 p.m. he was employed by Montgomery Seed and Supply Company, the owner of the motor vehicle involved in this case, as a delivery truck driver; that when he completed his day’s work, he drove the truck from the warehouse to the retail office on Dexter Avenue in Montgomery County, Alabama, and parked it right beside the office building; *1135 that he does not know the appellant or anybody by the name of Earl Lewis; that he had never seen the appellant before trial; that he gave no one permission to be fooling around with the truck; that it was his duty to bring the truck to the retail office each afternoon; that his boss man drives the truck home every afternoon, and back to the office every morning.
State’s witness, Arthur L. Morgan’s testimony, tended to prove that he is one of the partners of Montgomery Seed and Supply Company; that its office is located on the corner of Dexter and McDonough Avenues in Montgomery County; that state’s witness, Reynolds, works for them as a truck driver; that in the late afternoon, or early evening, of January 6, 1982 he had a Ford pickup truck stolen; that Montgomery Seed and Supply Company was the owner of the truck; that before that time he did not know the appellant, and had never heard of Mr. Earl Lewis; that he did not give either the appellant or Earl Lewis the right to take the truck; that the next morning, January 7, 1982, he saw the appellant driving the Ford pickup truck on Bainbridge Street, and going down Randolph Street in Montgomery; that he identified the truck, stopped the appellant as he got out of the truck, took the keys from him, and turned him over to the police; that the appellant said he was not driving the truck; that there was no one else in the truck with the appellant at the time; that the truck was 10 or 12 blocks away from where it had been parked the afternoon of the 6th.
State’s exhibit 1, a written statement made and signed by the appellant, was legally introduced into evidence. The facts contained in state’s exhibit 1 are, in substance: That on January 6, 1982 the appellant and one Earl Lewis were walking downtown, and Earl said he knew where a truck was that had the keys in it, and he showed appellant where the truck was parked, and they went to the truck, and Earl said let’s get it, and the appellant said okay; that they got the truck; that Earl got in on the driver’s side, and appellant on the passenger side; that they drove it off; that they rode around that night, and then parked the truck; that the next morning appellant got in the truck, and started riding around again; that he went to a store, and that is when the owner of the truck pulled up behind him, and then the police came; that he knew the truck did not belong to appellant or Earl; that he does not know where Earl lives.
The state rested its case at this point, and the appellant made a motion to exclude state’s evidence on the ground that the state failed to prove that appellant had an intent to deprive the owner of the property. The court overruled the motion to exclude. The appellant offered no evidence on his behalf.
Code of Alabama, 1975, Section 13A-8-2 defines theft.
“Theft of property — Definition.
“A person commits the crime of theft of property if he:
“(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property;”
Code Of Alabama, 1975, Section 13A-8-l(2)(a) defines the word “deprive” to mean; “to withhold property or cause it to be withheld from a person permanently or for such period or under such circumstances that all or a portion of its use or benefit would be lost to him;” Code Of Alabama, 1975, Section 13A-8-3(b) defines theft of property in the first degree; “the theft of a motor vehicle, regardless of its value, constitutes theft of property in the first degree.”
It is a question for the jury to determine from all the evidence before it, whether the appellant had the intent to deprive the owner of the property at the time it was taken. We hold that the trial court did not err when it overruled appellant’s motion to exclude the state’s evidence. Craig v. State, Ala.Cr.App., 410 So.2d 449; Certiorari Denied, March 19, 1982; McMurphy v. State, Ala.Cr.App., 358 So.2d 1065; Certiorari Denied, Ala. 358 So.2d 1069; Simas v. State, Ala.Cr.App., 410 So.2d 139; Benefield v. State, 44 Ala.App. 339, 208 So.2d *1136 449; Certiorari Denied, 282 Ala. 19, 208 So.2d 455.
Appellant’s second and third contentions in his brief are that the trial court erred to his prejudice by refusing to give appellant’s requested written charges to the jury distinguishing the offense of unauthorized use of a motor vehicle, and theft of a motor vehicle.
From an inspection of the record, we find that the appellant’s refused, requested written charges were properly refused by the trial court; they are not hypothesized on a belief or finding “from the evidence” which justified the trial court in refusing them. We hold that the offense of unauthorized use of a vehicle as defined in Code of Alabama, 1975, Section 13A-8-11 is not a lesser included offense contained in an indictment for theft of property in the first degree as defined in Code of Alabama, 1975, Section 13A-8-3; therefore the trial court did not err when it refused appellant’s requested written charges. McMurphy v. State, supra; Johnson v. State, Ala.Cr.App., 398 So.2d 393.
The judgment of the trial court is due to be, and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.