In 1981, Jerry Glenn Crowder was indicted and convicted for theft in the first degree. He was sentenced as a habitual offender to thirty years' imprisonment. The defendant's appeal was dismissed by this Court in 1982 because the notice of appeal was not timely filed, 418 So.2d 979.
In 1984, the defendant filed a petition for writ of error coram nobis alleging that his retained trial counsel was ineffective because he failed to file a timely notice of appeal. This petition was granted and the defendant was granted an "out-of-time" appeal. Three issues are presented to this Court on review of the defendant's conviction.
 I
On April 1, 1981, the defendant took a test drive of a 1978 Pontiac Trans Am *Page 1242 
automobile from Bill's Motor Sales, stating that he would return in 30 to 45 minutes because he wanted his wife to look at the car. Later, the defendant telephoned and stated that he would be late bringing the car back. When the defendant had not returned the car two hours later, the police were called. The defendant was apprehended on April 5th while driving the Trans Am. There was evidence of a high speed chase and flight. He told the police that he took the car for a test drive, "did some dope", and did not remember anything after that.
Linda Lee Clay testified that she had lunch with the defendant on April 2nd. She stated that the defendant told her that the Trans Am was his and that he was going to trade it because it drank too much gas. Miss Clay testified that the defendant was not married.
In McMurphy v. State, 358 So.2d 1065, 1067 (Ala.Cr.App.), cert. denied, 358 So.2d 1069 (Ala. 1978), it was held that, "[t]hough the appellant unquestionably had the owner's consent to take the automobile and show it to his wife there is overwhelming evidence that he intended to steal the car from the moment he climbed behind the steering wheel: The length of time the appellant kept the vehicle; the fact that he never returned it; the fact that he was apprehended in another state driving the same automobile; and the deteriorated condition of the automobile upon its recovery."
Here, the defendant led Miss Clay to believe that he was the owner of the car. This fact, when coupled with the totality of the circumstances, justifies and supports the defendant's conviction for theft.
The indictment specifically charged that the defendant obtained or exerted unauthorized control over the Trans Am. "Obtains or exerts unauthorized control over property includes but is not necessarily limited to the taking, carrying away . . . of, property, and includes but is not necessarily limited to conduct heretofore defined or known as common law larceny by trespassory taking, common law larceny by trick, larceny by conversion, embezzlement, extortion or obtaining property by false pretenses." Alabama Code 1975, § 13A-8-1. Under the facts of this case, the jury could have found that either the defendant obtained the Trans Am with the intent to deprive the owner or that he exerted unauthorized control over the Trans Am once he had already obtained authorized possession. The prosecution was not required to prove that the defendant initially obtained possession of the car through a wrongful or unauthorized taking. The definition of theft in our new Criminal Code removes "[p]roblems dealing with the way in which the property came into the control or `possession' of the defendant." Commentary to §§ 13A-8-2 through 13A-8-5.
 II
The defendant's second and third contentions are related. He argues that the trial judge erroneously instructed the jury regarding the proper punishment he could receive and that this error constitutes plain error.
The relevant portions of the judge's charge state:
 "In that regard I would charge you that the theft of a motor vehicle . . . constitutes theft of property in the first degree. Theft of property in the first degree is a Class B felony. Being a Class B felony, . . . it carries with it a sentence of from 2 to 20 years. It is for the jury to determine the guilt or innocence of the defendant. It is for the Court to determine the term of the sentence."
. . . .
 "[T]he charge in the indictment of theft of property in the first degree carries with it the lesser included offense of unauthorized use of an automobile. That, . . . upon a conviction, is a Class A misdemeanor. A Class A misdemeanor carries with it a fine of up to $2,000 and a term, upon a finding of guilt, a term in the county jail up to 12 months. Again, it's for the jury to pass upon the guilt or the innocence of the defendant in this regard. It is for the Court to determine *Page 1243 
the amount of the fine and/or the incarceration in the county jail."
At trial, defense counsel announced "satisfied" with the judge's oral charge.
The defendant alleges error because, with one prior felony conviction, it was mandatory that he be treated as a habitual offender with a resulting sentence of ten years to life imprisonment and because the unauthorized use of a motor vehicle is not a lesser included offense of theft.
We agree with the defendant that the unauthorized use of a vehicle is not a lesser included offense of the larceny of a vehicle. McMurphy v. State, supra. See also Barnett v. State,440 So.2d 1134 (Ala.Cr.App. 1983); Johnson v. State,398 So.2d 393 (Ala.Cr.App. 1981).
The giving of an erroneous instruction is not ground for reversal where it could not in any manner have prejudiced the accused. Dennis v. State, 118 Ala. 72, 23 So. 1002 (1898). InDeGraaf v. State, 34 Ala. App. 137, 142-43, 37 So.2d 130 (1948), Judge Harwood explained that an instruction to the jury that they may return a verdict of guilty of a lesser offense which is unsupported by the evidence may not be considered harmless because such an assumption "overlooks the practical court room fact, . . . that juries are sometimes prone to compromise."
 "Where some of the members might, under the evidence presented, hesitate or refuse to render a verdict of guilty of the serious offense charged, with its accompanying heavy penalty, such hesitation may be dissipated and overcome if instructions be given by the trial court inviting a verdict of guilty of a lesser offense carrying with it a lighter penalty."
However, in DeGraaf the defendant was indicted for robbery and convicted for assault with intent to rob. Here, the jury's verdict of theft removes any danger that their verdict was one of compromise. See Phelps v. State, 435 So.2d 158, 166-67
(Ala.Cr.App. 1983) ("Any speculation that the jury might have found the defendant guilty of criminally negligent homicide is dissipated by the fact that they found him guilty of intentional murder."). Consequently, we find only harmless error in the judge's improper charge on the unauthorized use of a vehicle.
We also find that the judge's instructions on sentence constitute harmless error.
 "Because `(t)he verdict of a jury in a criminal case should be based solely upon the evidence adduced on the trial and be absolutely free from outside influences', McCray [v. State], 261 Ala. [275] at 280, 74 So.2d 491, we do not approve of the practice of instructing the jury on punishment where the fixing of punishment is the responsibility and duty of the trial judge. However, in view of the fact that the trial judge also instructed the jury that the burden for imposing the penalties for the lesser included offenses was upon the trial judge and upon the authorities we have cited, we find that these extraneous instructions constitute harmless error. A.R.A.P., Rule 45." Brazell v. State, 423 So.2d 323, 325 (Ala.Cr.App. 1982).
"Plain error is error which is obvious and which affects a litigant's substantial rights, and should be recognized only where there are exceptional circumstances which require the court to recognize the error to avoid a miscarriage of justice." United States v. Hernandez-Cuartas, 717 F.2d 552, 555
(11th Cir. 1983). The errors in the judge's instructions were harmless and did not affect the defendant's substantial rights. The evidence against the defendant was overwhelming. He received a fair trial at which he was represented by competent counsel.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 1244